1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

\* \* \*

9

VICTOR MANUEL TAGLE,

Case No. 3:13-cv-00264-MMD-VPC

10

Petitioner,

ORDER

v.

11

RENEE BAKER,

12

Respondents.

13

14

15

This habeas matter comes before the Court on its *sua sponte* inquiry into

16

whether the petition is subject to dismissal without prejudice because none of the claims

17

in the petition have been fairly presented to and exhausted in the state courts through to

18

the Supreme Court of Nevada.  This order follows upon a prior show-cause order (dkt.

19

no. 13) and petitioner's response (dkt. no. 15) thereto.

20

**I.     BACKGROUND**

21

Petitioner Victor Manuel Tagle challenges his 2012 Nevada state conviction,

22

pursuant to a plea, of two counts of attempted sexual assault.

23

The papers presented and the online records of the state courts reflect the

24

following.[1]

25

26

27

28

_____

[1]The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *E.g., Harris v. County of Orange*, 682  F.3d 1126, 1131-32 (9th Cir. 2012).  The online docket records of the state district court and Supreme Court of Nevada may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
http://caseinfo.nvsupremecourt.us/public/caseSearch.do

1   Petitioner has pursued a state post-conviction petition in the state courts, but

2   proceedings on that petition have not been completed.  An appeal from the denial of

3   relief by the state district court currently is pending in the Supreme Court of Nevada in

4   No. 62145.  That matter was submitted for decision in the state supreme court on

5   January 29, 2013, and the appeal remains pending for decision as of this writing.

6   Petitioner previously filed an original writ petition in No. 61974 in the Supreme

7   Court of Nevada seeking relief.  The court denied the petition on November 7, 2012.  In

8   denying the petition, the court declined to exercise original jurisdiction over the petition,

9   doing so expressly "without deciding upon the merits of any claims raised therein."  The

10   court noted that a challenge to a conviction should be raised in a post-conviction petition

11   filed in the state district court in the first instance.

12   Petitioner has pursued no other proceedings through to the Supreme Court of

13   Nevada other than No. 61974 and the still-pending No. 62145.

14   **II.     GOVERNING LAW**

15   The Court may raise issues of exhaustion *sua sponte*. *See,e.g., Aiken v.*

16   *Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).  Under 28 U.S.C. § 2254(b)(1)(A), a habeas

17   petitioner first must exhaust his state court remedies on a claim before presenting that

18   claim to the federal courts.  To satisfy this exhaustion requirement, the claim must have

19   been fairly presented to the state courts completely through to the highest court

20   available, in this case the Supreme Court of Nevada.  *E.g., Peterson v. Lampert*, 319

21   F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir.

22   2003).  In the state courts, the petitioner must refer to the specific federal constitutional

23   guarantee and must also state the facts that entitle the petitioner to relief on the federal

24   constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That

25   is, fair presentation requires that the petitioner present the state courts with both the

26   operative facts and the federal legal theory upon which his claim is based.  *E.g., Castillo*

27   *v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures

28   that the state courts, as a matter of federal-state comity, will have the first opportunity to

1   pass upon and correct alleged violations of federal constitutional guarantees.  *See, e.g.,*

2   *Coleman v. Thompson*, 501 U.S. 722, 731(1991).

3       A petition that is completely unexhausted is subject to immediate dismissal.  *See,*

4   *e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d

5   478, 481 (9th Cir.2001).

6   **III.     DISCUSSION**

7       Petitioner has not exhausted any claims in the Supreme Court of Nevada.

8       The original writ petition in No. 61974 did not exhaust any claims.  It is long-

9   established law that a claim is not fairly presented and is not exhausted when a

10  petitioner fails to present the claim in state district court under state post-conviction

11  procedures and instead pursues the claim in an original petition to the state's high court

12  seeking to invoke an extraordinary discretionary jurisdiction.  *See, e.g., Ex parte Hawk*,

13  321 U.S. 114, 116 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981).  *Accord*

14  *Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985).  *See also Castille v. Peoples*, 489

15  U.S. 346, 351(1989) (presenting a claim in a procedural context in which the merits of

16  the claim will not be considered, or will be considered only in special circumstances,

17  does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38

18  (9th Cir. 1994) (applying *Castille* rule to filing of original writ in state high court).

19      In the present case, the state supreme court expressly both declined to exercise

20  its original jurisdiction over the extraordinary petition filed there and stated that it had not

21  decided the merits of any claim in that petition.  The petition in No. 61974 therefore did

22  not exhaust any claims.

23      The still-pending appeal proceedings in No. 62145 have exhausted no claims.

24  State proceedings that have not yet concluded do not exhaust any federal claims.

25      The federal petition thus is subject to immediate dismissal because it is

26  completely unexhausted.

27      The points urged by petitioner in the show-cause response do not lead to a

28  contrary conclusion.

1   Petitioner maintains that the state supreme court initially did not respond to his

2   telephone calls and that a court employee ultimately told him during a telephone call

3   that his appeal and/or case had been closed.  The online docket sheet for the Supreme

4   Court of Nevada instead reflects, however, that the appeal in No. 62145 remains

5   pending for decision.  Petitioner's unsworn assertions as to what he was told by a court

6   employee in a telephone call does not establish the exhaustion of any claim, particularly

7   where the online record of the state supreme court shows that the appeal is pending for

8   decision.

9   Petitioner further expresses that he "did not comprehend that 'a case could

10   remain on the shelf forever!"  The appeal in No. 62145 was filed on November 20, 2012,

11   and it was submitted for decision on January 29, 2013. Such a delay – an ordinary

12   delay of a matter of months in a state supreme court no doubt with a heavy docket –

13   does not provide a basis for ignoring the exhaustion requirement.

14   Petitioner urges that this Court "ordered him to resubmit" a § 2254 petition when

15   it dismissed his prior federal actions without prejudice.  In Case No. 2:13-cv-00085-

16   GMN-NJK, the Court dismissed an improperly commenced prior habeas petition without

17   prejudice after determining that petitioner still had adequate time left in the federal

18   limitation period to properly commence a habeas petition.  In Case No. 2:13-cv-00388-

19   MMD-GWF, the Court dismissed a *Heck*-barred[2] civil rights complaint without prejudice.

20   In neither case did the Court order petitioner to resubmit a § 2254 petition.[3]  The Court

21   dismissed prior improperly commenced and/or deficient actions without prejudice to

22   petitioner filing a federal action properly seeking appropriate relief.  It is petitioner's

23   responsibility to, *inter alia*, exhaust his federal claims in state court and timely seek

24

25   [2]*Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate may not challenge the validity of his conviction through a § 1983 civil rights action).

26

27   [3]In dkt. no. 8 in Case No. 2:13-cv-00085, the Court stated that petitioner "must commence a new action," meaning that he could not continue to file papers in that closed action.  The Court further stated that "time is of the essence."  That admonition

28   did not excuse petitioner from having to exhaust his claims in state court. Petitioner *(fn. cont…)*

1    federal habeas relief.  No order of this Court excused petitioner from complying with the

2    exhaustion requirement.  If he files a federal habeas action, such as the present one,

3    with only unexhausted claims, it will be dismissed.

4           Petitioner refers to alleged interference with his legal mail by an officer or officers

5    at High Desert State Prison.  Petitioner has filed a total of five actions in this Court, a

6    state post-conviction petition, an appeal to the state supreme court from the denial of

7    that petition, and an original petition in the state supreme court.  Petitioner in particular

8    has been able to seek relief in the state courts to the point of having state post-

9    conviction claims currently pending before the state supreme court.  Nothing in the

10   foregoing scenario reflects a basis for excusing petitioner from complying with the

11   exhaustion requirement.

12          Petitioner additionally points to delay in his receiving the show-cause order

13   because it was sent to Ely State Prison and only recently routed to him at High Desert

14   State Prison.  The Clerk sent the show-cause order to the last known address given by

15   petitioner.  Under Local Rule LSR 2-2, it is petitioner's obligation to immediately provide

16   the Clerk with a separate written notice of his change of address.  If he fails to do so, his

17   action may be dismissed.  Petitioner in any event indisputably received a copy of the

18   show-cause order and responded to it.  Any delay in his receiving the mailing, which

19   was due to his own failure to keep the Court informed of his current address, is a moot

20   point.

21          Petitioner's *pro se* status also does not excuse him from the exhaustion

22   requirement.  There is no constitutional right to counsel in post-conviction proceedings,

23   and federal habeas cases generally are pursued *pro se*. All petitioners, whether

24   represented or *pro se*, must comply with the exhaustion requirement.

25   ///

26

27   *(...fn. cont.)*
     remains responsible for both exhausting his claims and timely seeking federal habeas
28   relief.

Petitioner's remaining points alleging that he is held unconstitutionally, following a plea, go to the merits. Petitioner may not pursue a challenge to his conviction in federal court based upon a wholly unexhausted petition.

The petition therefore will be dismissed without prejudice for lack of exhaustion.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that the petition shall be DISMISSED without prejudice for lack of exhaustion.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot following upon the dismissal of the action without prejudice.  With regard to petitioner's requests for alleged "emergency" relief, the Court previously has informed petitioner that a habeas action is not an appropriate vehicle for litigating his disputes with correctional officials regarding his conditions of confinement.  *See* Case No. 2:13-cv-00085-GMN-NJK, dkt. no. 8, at 1.  The Court further may not order that petitioner be removed from state correctional facilities and instead placed in a federal facility.  Petitioner, again, can litigate any disputes that he has with state correctional officials regarding his conditions of confinement only in a properly commenced civil rights action, not in a habeas action.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.  Jurists of reason would not find the dismissal of the wholly unexhausted federal petition without prejudice to be debatable or wrong, for the reasons discussed herein.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 16th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE